DEVON STERLING,            )
                              )
             Plaintiff,     )
                              )
                v.        )     No. 1:19-cv-04019-JPH-TAB
                              )
AARON LONG, *et al.*       )
                              )
            Defendants.    )

## ORDER SCREENING AMENDED COMPLAINT, DISMISSING ACTION, AND DIRECTING ENTRY OF FINAL JUDGMENT

Plaintiff Devon Sterling, an inmate at Pendleton Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that the defendants subjected him to cruel and unusual punishment by housing him in the same unit as an inmate who had previously attacked him. The Court screened and dismissed Mr. Sterling's original complaint but allowed him an opportunity to amend. Dkt. 9. Mr. Sterling has filed an amended complaint. The **clerk is directed** to re-docket Mr. Sterling's amended complaint, dkt. [11-1], as the Amended Complaint. It is now the operative complaint in this action and is subject to screening.

### I. Screening Standard

The Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names three defendants: (1) Aaron Long, (2) Warden Dushan Zatecky, and (3) Chairman of Classification.

Mr. Sterling alleges that he was stabbed by another inmate on October 19, 2017. The amended complaint does not name the other inmate, but attachments and publicly available records reveal that his name was Ezekiel Jones.[1] In February 2018, the defendants placed Mr. Sterling and Mr. Jones in the same housing unit.

According to Mr. Sterling, Mr. Jones attacked him again on July 11, 2018. Mr. Sterling does not allege that he suffered any injuries from this attack, but the amended complaint alleges that the attack "resulted in 'irreparable harm,' (Death)." Dkt. 11-1 at 5. The Indiana Department of Correction website reveals that Mr. Jones died on July 11, 2018.

Mr. Sterling alleges that the defendants were deliberately indifferent to his safety when they allowed him to be housed with Mr. Jones following the October 2017 attack. He seeks damages.

## III. Discussion

Under the Eighth Amendment, prison officials have a duty "to 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Wells*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). But a constitutional tort, like any other tort, requires a showing that the defendant's actions caused the plaintiff's injury. *Flint v. City of Belvidere*, 791 F.3d 764, 770 (7th Cir. 2015).

Mr. Sterling alleges that he suffered injuries in the October 2017 attack. Dkt. 11-1 at 3−4 ("[T]his petitioner sustained injuries on October 19th, 2017, including abrasions, stab wounds, and bruising to the face and body areas."). But he does not allege that the defendants caused those injuries.

---

[1] The Court takes judicial notice of the Indiana Department of Correction offender data page for Ezekiel I. Jones, 160747, available at
https://www.in.gov/apps/indcorrection/ofs/ofs?offnum=160747&search2.x=0&search2.y=0.

Mr. Sterling does not allege any injury that *he* suffered in the July 11, 2018, attack, though his filings suggest that Mr. Jones sustained fatal injuries that day.

Because Mr. Sterling fails to allege that the defendants' actions caused him any injury, his Eighth Amendment claims are **DISMISSED for failure to state a claim upon which relief can be granted**.

### IV. Conclusion

Mr. Sterling's motion for extension of time, dkt. [11], is **DENIED**. The Court dismissed Mr. Sterling's original complaint because he "fail[ed] to allege that the defendants' actions caused him any injury." Dkt. 9 at 3. His amended complaint is dismissed for the same reason. Allowing him further opportunity to amend would be futile.

Mr. Sterling's motion to reconsider, dkt. [10], likewise is **DENIED**. Mr. Sterling argues that "there need not be actual injury to prove 'failure to protect.'" But, as discussed above, to state a claim for damages under 42 U.S.C. § 1983, a plaintiff must allege that the defendants caused his injury. *Flint*, 791 F.3d at 770. Mr. Sterling has now twice failed to allege any injury caused by the defendants.

This action is **DISMISSED for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A(b)(1). Final judgment consistent with this Order shall now issue.

Because the action has been dismissed for failure to state a claim, Mr. Sterling is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**SO ORDERED.**

Date: 12/9/2019

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEVON STERLING
195919
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only